**FARUQI & FARUQI, LLP**
Benjamin Heikali (State Bar No. 307466)
Email: *bheikali@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
Email: *rglezakos@faruqilaw.com*
Joshua Nassir (State Bar No. 318344)
Email: *jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff Pedro Romero
and the putative Classes*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| PEDRO ROMERO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>TROPICALE FOODS, LLC,<br><br>      Defendant. | CASE NO.: 5:21-cv-1165<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Pedro Romero ("Plaintiff" or "Mr. Romero") brings this Class Action Complaint against Tropicale Foods, LLC ("Defendant"), on behalf of himself and all others similarly situated, and alleges upon information and belief, the following:

## NATURE OF THE ACTION

1.    Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant regarding its misleading business practices with respect to the labeling, marketing and sale of its Helados Mexico and La Michoacana paletas (the "Products").

2.    Defendant has marketed and sold these Products with labeling, packaging, and advertising that leads consumers to believe that the Products are made in Mexico, when in fact, they are not. Specifically, the Helados Mexico Products have "Mexico" in the brand name, with the phrase "Helados Mexico" translating to "Mexican ice cream." Furthermore, the product's packaging features Spanish words such as "Paleta De Crema," "Paleta de Fruta," and "Con Crema," which, together with the name "Helados Mexico," create the misleading impression that the products are authentic Mexican ice creams made in Mexico.

3.    With respect to La Michoacana products, the logo on the products features a girl wearing a traditional Mexican garment, and holding a paleta. Moreover, the name of the product is in Spanish and refers to the state of Michoacán, which is located in Western Mexico. In fact, the literal translation of "La Michoacana" is "the woman from the state of Michoacán." Additionally, the La Michoacana products use traditional, authentic Mexican flavors including "Limon con Chamoy" and "Mamey." Furthermore, the packaging features other Spanish word(s), such as "Variedad" above the word "Variety." Together, these representations create the misleading impression that the products are authentic Mexican ice creams made in Mexico.

4.    Had Plaintiff and other consumers known that the Products were not made in Mexico, they would not have purchased the Products or would have paid

CLASS ACTION COMPLAINT

significantly less for them. Therefore, Plaintiff and other consumers have suffered an injury-in-fact as a result of Defendant's deceptive practices.

5. Thus, Plaintiff, on behalf of himself and all others similarly situated, brings this case seeking damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed Classes and Defendant.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial District. Defendant maintains its principal place of business in Ontario, California, which is located within this District. Defendant maintains its principal place of business in Ontario, California, which is located in Eastern Division of this District. Moreover, venue is also proper under Cal. Civ. Code § 1780(d) because Defendant maintains its principal place of business in San Bernardino County, which is in this District.

## PARTIES

8. Plaintiff Pedro Romero is a citizen of and resides in Fresno, California. In or about March 2021, Mr. Romero purchased a variety pack of Helados Mexico paletas, which included strawberry paletas. Mr. Romero purchased the product from a Big Lots in Fresno, California. In purchasing the Helados Mexico product, Mr. Romero saw and relied on the brand name "HELADOS MEXICO" and Spanish words on the front label of the product, including the Spanish word "FRESA," and reasonably believed that the product was made in Mexico.

9. Additionally, Mr. Romero purchased a La Michoacana mango paleta in

CLASS ACTION COMPLAINT

or around May 2021, at a farmer's market located in Fresno, California. Taking notice of the girl dressed in a traditional Mexican garment on the packaging, and the brand name of the product— "LA MICHOACANA," Mr. Romero reasonably believed that the product was made in Mexico.

10. Unbeknownst to Mr. Romero, the Products are not made in Mexico. Mr. Romero would not have purchased the Products or would have paid significantly less for them had he known that the Products were not made in Mexico. Therefore, Mr. Romero suffered an injury-in-fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

11. Despite being misled, Mr. Romero would likely purchase the Products in the future if the Products were in fact made in Mexico. While Mr. Romero currently believes the Products are not made in Mexico, he lacks personal knowledge as to Defendant's specific business practices, leaving doubt in his mind as to the possibility in the future that some of the Products could be made in Mexico. This uncertainty, coupled with his desire to purchase the Products, and the fact that he regularly visits stores which sell the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein. In addition, Class members will continue to purchase the Products, reasonably but incorrectly believing that they are made in Mexico, absent an injunction.

12. Defendant Tropicale Foods, LLC is a California limited liability company which maintains its principal place of business in Ontario, California. Defendant, directly and/or through its agents, is responsible for the manufacturing, packaging, marketing, distribution, and sale of the Helados Mexico and La Michoacana Products in California. Defendant manufactures, packages, and labels the Products in its Ontario, California manufacturing facility.

/ / /

-3-

CLASS ACTION COMPLAINT

# **FACTUAL ALLEGATIONS**

## **Background**

13.    Paletas are frozen treats similar to popsicles that have long been associated with Mexico, their place of origin.[1]  They were first sold in Michoacán in the 1940s, and later throughout all of Mexico, becoming one of the country's most popular ice cream treats.

14.    Paletas are sold at ice cream shops all across Mexico, including countless stores called La Michoacana, the name of the company that first created the product. Indeed, there are more than 15,000 La Michoacana outlets in Mexico.[2]

15.    Today, while these ice cream shops (or *paleterías*) go by different names, the paleta has largely remained the same—a water or milk based treat, with traditional Mexican flavors like tamarindo, limón, coco, and fresa.

## **Helados Mexico**

16.    At all relevant times pertaining to this Complaint, the Helados Products were sold across California and the United States at grocery chains, and other retailers.

17.    The Helados Products are self-proclaimed as "Premium Ice Cream."

18.    The packaging of the Helados Products, regardless of size, flavor, or variety, all contain the same false and misleading representation "Helados Mexico", with the word "Mexico" most prominently emphasized on the label. The phrase "Helados Mexico" translates to "Mexican Ice Cream." Moreover, the Helados Products all contain at least one of the following representations: "Paleta De Crema," "Paleta de Fruta," and "Con Crema," and depict a traditional Mexican ice cream cart

---

[1] https://mexicocooks.typepad.com/mexico_cooks/2013/04/paletas-la-michoacana-big-business-sweet-and-icy-in-tocumbo.html (last visited July 12, 2021).

[2] *Id.*

CLASS ACTION COMPLAINT

1  (the foregoing representations are herein collectively referred to as the "Helados

2  Mexican Representations").



24      19.    The Helados Mexican Representations, taken in isolation and as a

25  whole, create the misleading impression that the Helados Products are authentic

26  Mexican ice cream bars made in Mexico, when they are not. In reality, the Helados

27  Products are made in the U.S.

28

-5-

20.  Thus, the Helados Products' packaging and marketing is false and misleading to reasonable consumers, including Plaintiff and other Class members, and only serve the profit-maximizing interests of Defendant.

**<u>La Michoacana</u>**

21.  At all relevant times pertaining to this Complaint, the La Michoacana Products were sold across California and the United States at grocery chains, and other retailers.

22.  The packaging of the La Michoacana Products, regardless of size, flavor, or variety, all contain the same false and misleading logo on the front label, featuring a girl wearing a traditional Mexican garment, and holding a paleta. Moreover, the packaging of all La Michoacana Products, contains the Spanish name of the product – "La Michoacana" – which refers to the state of Michoacán, located in Western Mexico. In fact, the literal translation of "La Michoacana" is "the woman from the state of Michoacán." Additionally, the La Michoacana products use traditional, authentic Mexican flavors including "Limon con Chamoy" and "Mamey." Furthermore, the packaging features other Spanish word(s), such as "Variedad" and "Paletas." (the foregoing representations are herein collectively referred to as the "La Michoacana Mexican Representations").[3]

---

[3] The terms "La Michoacana Mexican Representations" and "Helados Mexican Representations" are herein collectively referred to as the "Mexican Representations."

-6-

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

22
23
24
25
26
27
28

     23.    The La Michoacana Mexican Representations, taken in isolation and as a whole, create the misleading impression that the La Michoacana Products are authentic Mexican ice cream bars made in Mexico, when they are not. In reality, the La Michoacana Products are made in the U.S.

     24.    Thus, the La Michoacana Products' packaging and marketing is false and misleading to reasonable consumers, including Plaintiff and other Class

-7-

members, and only serve the profit-maximizing interests of Defendant.

**Defendant's Conduct Is False And Deceptive**

25.   Defendant deceptively labeled and packaged the Products to target consumers who are interested in purchasing traditional ice cream products from Mexico.

26.   As the entity responsible for the development, manufacturing, packaging, advertising, distribution, and sale of the Products, Defendant knew or should have known that each of the Products falsely and deceptively misrepresents that the Products are made in Mexico.

27.   Defendant knows, knew or should have known, that Plaintiff and other consumers did and would rely on the labeling, packaging, and advertising before purchasing the Products, and would reasonably believe that the Products were made in Mexico because of the Mexican Representations.

28.   Plaintiff and other reasonable consumers did not know, and had no reason to know, that the Products were not made in Mexico. The Products are marketed to consumers with only their front labels displayed to consumers in store. But the front label of the Products do not contain any disclaimer or other statement indicating that the Products are not from Mexico. Moreover, at the point of purchase, reasonable consumers are not required to turn to the side or back of the label and read the fine print there to discover that the Products are made in the U.S., contrary to Defendant's prominent Mexican Representations on the front of the labels.[4]

29.   Because the Products are not made in Mexico as reasonably expected

---

[4] Indeed, research indicates that 90% of consumers make a purchase after only visually examining the front of the packaging without physically having the product in their hands. See Clement, J., Visual influence on in-store buying decisions: an eye-track experiment on the visual influence of packaging design, 23 Journal of Marketing Management, 917−928 (2007).

-8-

CLASS ACTION COMPLAINT

by Plaintiff and other consumers, Defendant's marketing of the Products was and continues to be misleading and deceptive.

30.    Each consumer has been exposed to the same or substantially similar deceptive practices because: (1) each Helados Product contains the name "Helados Mexico" and Spanish phrases; (2) each La Michoacana Product contains the name "La Michoacana" and Spanish phrases, and (3) none of the Product are made in Mexico.

31.     Plaintiff and other consumers have paid an unlawful premium for the Products. Plaintiff and other consumers would have paid significantly less for the Products had they known that the Products were not made in Mexico. In the alternative, Plaintiff and other consumers would not have purchased the Products at all had they known that the Products were not made in Mexico. Therefore, Plaintiff and other consumers purchasing the Products suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

32.    As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Products are made in Mexico.  Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this case as a class action that may be properly maintained pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and all U.S. citizens who, within the relevant statute of limitations periods, purchased any of the Products ("Nationwide Class").

34.    Plaintiff also seeks to represent a subclass defined as all California citizens who within the relevant statute of limitations periods, purchased any of the Products ("California Subclass").

35.    Plaintiff also seeks to represent a subclass defined as all California

-9-

citizens who within the relevant statute of limitations periods, purchased for personal, family, or household purposes any of the Products ("California Consumer Subclass") (with all other classes, collectively referred to as the "Classes").

36.     Excluded from the Classes are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

37.     Plaintiff is a member of all Classes.

38.     Plaintiff reserves the right to alter the Class definitions as Plaintiff deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of this District, and applicable precedent allow.

39.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence that individual Class members would use to prove those elements in individual actions alleging the same claims.

40.     **Numerosity**: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands, if not hundreds of thousands, of Class members.

41.     **Predominance of Common Questions of Law and Fact**: There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

42.     All Class members were exposed to Defendant's deceptive advertising and marketing representations indicating that the Products were made from Mexico, when in fact the Products were made in the U.S.

43.     Furthermore, common legal and factual questions include but are not

-10-

CLASS ACTION COMPLAINT

limited to:

    a.    whether Defendant engaged in the course of conduct alleged herein;

    b.    whether Defendant's conduct is likely to deceive a reasonable consumer;

    c.    whether Defendant's conduct constitutes an unfair or deceptive act or practice;

    d.    whether Defendant violated the consumer protection statutes set forth below;

    e.    whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages and other monetary relief; and

    f.    whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable restitution.

44.    Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will materially advance the litigation.

45.    **Typicality**: Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the uniform misconduct described herein; all Class members were subject to Defendant's false, misleading, and unfair advertising and marketing practices and representations, including the false and misleading representations indicating that the Products were

-11-

made in Mexico when, in fact, they are not made in Mexico; and Plaintiff seeks the same relief as Class members.

46.   Furthermore, there are no defenses available to Defendant that are unique to Plaintiff.

47.   **Adequacy of Representation**: Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests. Plaintiff has selected competent counsel that are experienced in class action and other complex litigation. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously and have the resources to do so.

48.   **Injunctive or Declaratory Relief**: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief an appropriate remedy.

49.   **Superiority**: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

a.   The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

b.   Further, it would be virtually impossible for Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties

-12-

CLASS ACTION COMPLAINT

and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

d.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

50.   **Notice**: Plaintiff's counsel anticipate that notice to the proposed Class will be effectuated through Court-approved notice dissemination methods, which may include mail, Internet postings, and/or published notice.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**California Civil Code §§ 1750, *et seq***
**(*for the Nationwide Class; alternatively, for the California Consumer Subclass*)**

51.   Plaintiff realleges Paragraphs 1-50 above as if fully set forth herein.

52.   Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed California

-13-

CLASS ACTION COMPLAINT

Consumer Subclass.

53.     Each Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchase of such Products by Plaintiff and members of Nationwide Class constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

54.     Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the source of the Products is Mexico, when it is not. Therefore, Defendant has violated section 1770(a)(2) of the CLRA.

55.     Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services." By marketing the Products with their current labels, packaging, and advertisements, Defendant has used deceptive representations and designations of the Products' geographical origin (Mexico).  Therefore, Defendant has violated section 1770(a)(4) of the CLRA.

56.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . . ." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Products have characteristics (that they are made in Mexico) when they do not have such characteristics. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

57.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to

-14-

represent that the Products are of a particular style (that they are made in Mexico) when they are of another (they are not made in Mexico). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

58.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By labeling, packaging, and marketing the Products with references to Mexico so that a reasonable consumer would believe that the Products are made in Mexico, and then intentionally not selling Products made in Mexico, Defendant has violated section 1770(a)(9) of the CLRA.

59.     At all relevant times, Defendant has known or reasonably should have known that the Products are not made in Mexico, and that Plaintiff and other members of the Nationwide Class would reasonably and justifiably rely on the labeling in purchasing the Products.

60.     Plaintiff and members of the Nationwide Class have reasonably and justifiably relied on Defendant's misleading, and fraudulent conduct when purchasing the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of the Nationwide Class.

61.     Plaintiff and members of the Nationwide Class have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Products or would have paid significantly less for the Products had they known that Defendant's conduct was misleading and fraudulent.

62.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the Nationwide Class are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

-15-

CLASS ACTION COMPLAINT

63.     Pursuant to Cal. Civ. Code § 1782, on June 30, 2021, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant has not yet received the notice and demand letter that was sent by certified mail. On June 30, 2021, counsel for plaintiff also sent the notice and demand letter via United Parcel Service ("UPS") 2nd Day Air delivery. The notice and demand letter was delivered to Defendant via UPS on July 1, 2021.

64.     The CLRA letter provided notice of Defendant's violation of the CLRA and that demanded Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff would file a complaint seeking damages in accordance with the CLRA.

65.     If, within 30 days of receipt of the letter, Defendant does not fully rectify or remedy the damages caused, Plaintiff will amend this Complaint to seek damages under the CLRA.

66.     Plaintiff has attached hereto an affidavit with facts showing that venue in this Court is proper pursuant to California Civil Code § 1780(d).

## SECOND CLAIM FOR RELIEF
### Violation of California's False Advertising Law
### CAL. BUS. & PROF. CODE § 17500 *et seq.*
**(*for the Nationwide Class; alternatively, for the California Subclass*)**

67.     Plaintiff realleges Paragraphs 1-50 above as if fully set forth herein.

68.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass.

69.     The FAL prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

-16-

70.     As detailed above, Defendant's marketing and sale of the Products to Plaintiff and other members of the California Subclass is likely to deceive a reasonable consumer because Defendant's representations are likely to lead a reasonable consumer to believe the Products are made in Mexico, when in fact the Products are not made in Mexico.

71.     In reliance of Defendant's false and misleading representations indicating the Products are made in Mexico, Plaintiff and the other members of the Nationwide Class purchased the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the Nationwide Class.

72.     Defendant knew or should have known that its labeling and marketing of the Products is likely to deceive a reasonable consumer.

73.     Plaintiff and members of the Nationwide Class request that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the Nationwide Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Nationwide Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law**
**CAL. BUS. & PROF. CODE § 17200** *et seq.*
**(*for the Nationwide Class; alternatively, for the California Subclass*)**

74.     Plaintiff realleges Paragraphs 1-50 above as if fully set forth herein.

75.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. In the alternative, Plaintiff brings this claim individually and on behalf of the members of the proposed California

-17-

CLASS ACTION COMPLAINT

Subclass.

76.    The circumstances giving rise to the allegations of Plaintiff and the members of the Nationwide Class include Defendant's corporate policies regarding the marketing, sale, and provision of the Products.

77.    The UCL prohibits "unfair competition," which it defines to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]." CAL. BUS. & PROF. CODE § 17200.

78.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

79.    As detailed herein, Defendant's acts, misrepresentations, omissions, and practices violate the FAL and the CLRA. On account of each of these violations of law, Defendant has also violated the "unlawful" prong of the UCL.

80.    As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class.

81.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts of practices are outweighed by the gravity of the harm to the alleged victims.

82.    Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who purchased the Products and were deceived by Defendant's misrepresentations. Deceiving consumers about the geographical origin of the Products is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair."

-18-

CLASS ACTION COMPLAINT

83.    As a result of Defendant's unfair business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class.

84.    Defendant also committed "fraudulent" business acts or practices by, among other things, engaging in conduct Defendant knew or should have known would likely to and did deceive reasonable consumers, including Plaintiff and the members of the Nationwide Class. By relying on Defendant's false and misleading representations indicating the Products were made in Mexico, Plaintiff and the other members of the Nationwide Class purchased the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the Nationwide Class.

85.    Defendant knew or should have known that its labeling and marketing of the Products would likely deceive a reasonable consumer.

86.    Plaintiff and members of the Nationwide Class request that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of the Nationwide Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of the Nationwide Class, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**Breach of Implied Warranty**
**California Commercial Code § 2314**
**(*for the California Subclass*)**

87.    Plaintiff realleges Paragraphs 1-50 above as if fully set forth herein.

88.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass.

CLASS ACTION COMPLAINT

89.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code § 2314(1).

90.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Com. Code § 2314(2)(f).

91.     Defendant is a merchant with respect to the sale of ice cream products, including the Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

92.     By advertising the Products with their current packaging, Defendant made an implied promise that the Products are made in Mexico. But the Products have not "conformed to the promises…made on the container or label" because they are not made in Mexico. Plaintiff, as well as consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable.

93.     Therefore, the Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Products.

94.     If Plaintiff and members of the California Subclass had known that the Products were not made in Mexico, they would not have been willing to pay the premium price associated with them or would not have purchased them at all. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Subclass have suffered injury and deserve to recover all damages afforded under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the

-20-

Classes, respectfully requests the Court to enter an Order:

A.      certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.      declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.      declaring that Defendant has committed the violations of law alleged herein;

D.      providing for any and all injunctive relief the Court deems appropriate;

E.      awarding statutory damages in the maximum amount for which the law provides;

F.      awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.      providing for any and all equitable monetary relief the Court deems appropriate;

H.      awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.      awarding Plaintiff reasonable costs and expenses of suit, including attorneys' fees;

J.      awarding pre- and post-judgment interest to the extent the law allows; and providing such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

Date: July 13, 2021                          Respectfully submitted,

                                             */s/ Benjamin Heikali*

-21-

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FARUQI & FARUQI, LLP**
Benjamin Heikali (State Bar No. 307466)
*bheikali@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
Email:  *rglezakos@faruqilaw.com*
Joshua Nassir (State Bar No. 318344)
Email:  *jnassir@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff
and the Proposed Classes*

-22-

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 07EBE7EA-9686-4952-B4AB-8E8E436BE406

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Pedro Romero, declare as follows:

1.      I am the Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because Defendant has its principal place of business in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on _____ in Fresno, California.

7/12/2021 | 8:37 PM EDT

_____

Pedro Romero