UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1165 JGB (SHKx)** | Date | December 22, 2021 |
|---|---|---|---|
| Title | *Pedro Romero, et al. v. Tropicale Foods, LLC* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 19);**
**and (2) VACATING the January 10, 2022 Hearing (IN CHAMBERS)**

Before the Court is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Tropicale Foods, LLC.  ("Motion," Dkt. No. 19.)  The Court determines this matter is appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS Defendant's Motion.  The January 10, 2022 hearing is VACATED.

## I.  BACKGROUND

On July 13, 2021, Plaintiffs Pedro Romero, Leona Tavake, Sergio Perez, and Murad Ferguson (collectively, "Plaintiffs") filed a class action complaint against Defendant Tropicale Foods, LLC ("Defendant" or "Tropicale").  ("Complaint," Dkt. No. 1.)  Plaintiffs amended as of right and filed a first amended complaint on September 23, 2021.  ("FAC," Dkt. No. 16.)  The FAC alleges causes of action for: (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (4) breach of implied warranty under Cal. Com. Code § 2314; (5) violation of N.Y. Gen. Bus. Law § 349; and (6) violation of N.Y. Gen. Bus. Law § 350.  (See FAC.)

On October 14, 2021, Defendant filed this Motion, along with a request for judicial notice.[1]  ("RJN," Dkt. No. 19-1.)  Plaintiffs opposed on November 15, 2021 and submitted two exhibits.  ("Opp.," Dkt. No. 22; "Ex. A," Dkt. No 22-2; "Ex. B," Dkt. No. 22-3.)  Defendant replied on December 6, 2021.  ("Reply," Dkt. No. 23.)

## II. FACTUAL ALLEGATIONS

Plaintiffs allege the following facts which are assumed to be true for the purposes of this Motion.  Tropicale is a California limited liability company which maintains its principal place of business in Ontario, California.  (FAC ¶ 18.)  This action concerns the following frozen products: Helados Mexico and La Michoacana paletas, or ice cream products ("Ice Creams" or "paletas" or "Products").[2]  (Id.)  Tropicale manufactures, packages, and labels the Products in its Ontario, California manufacturing facility.  (Id.)

Plaintiff Pedro Romero, who resides in Fresno, California, purchased a variety pack of Helados Mexico paletas at a Big Lots store in Fresno in March 2021.  (Id. ¶ 9.)  He saw and relied on the brand name "Helados Mexico," and the Spanish words on the packaging, to conclude that the product was made in Mexico.  (Id.)  In May 2021, at a farmer's market in Fresno, Mr. Romero purchased a La Michoacana mango paleta.  (Id. ¶ 10.)  He believed that product was made in Mexico as well.  (Id.)

Plaintiff Leona Tavake, who resides in South San Francisco, California, has purchased Helados Mexico paletas on several occasions.  (Id. ¶ 12.)  Her most recent purchase was in May 2021.  (Id.)  She purchased paletas at two different retail stores in South San Francisco.  (Id.)  When she purchased paletas, Ms. Tavake saw and relied on the brand name "Helados Mexico" and Spanish words on the front label to believe that they were made in Mexico.  (Id.)

Plaintiff Sergio Perez, who resides in King City, California, has purchased Helados Mexico paletas on many occasions.  (Id. ¶ 13.)  His most recent purchase was in March 2021, when he purchased a paleta from a retail store in Soledad, California.  (Id.)  He saw and relied on the brand name "Helados Mexico" and Spanish words when he purchased the product.  (Id.)

Plaintiff Murad Ferguson, who resides in Staten Island, New York, purchased paletas from a Staten Island Dollar Tree store in June 2021.  (Id. ¶ 14.)  He saw and relied on the brand name "Helados Mexico" and Spanish words when he purchased the product.  (Id.)  He also purchased a La Michoacana variety pack of paletas from two supermarkets in New York in June 2021.  (Id. ¶ 15.)  He saw and relied on the brand name "La Michoacana" and Spanish words when he purchased the product.  (Id.)

---

[1] Exhibits A through H are properly subject to judicial notice because they are incorporated by reference into the Complaint, and their authenticity is not disputed.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (2005); Shalikar v. Asahi Beer U.S.A., Inc., 2017 WL 9362139, at *2 (C.D. Cal. Oct. 16, 2017).  The Court therefore GRANTS Defendant's RJN.

[2] Paleta is the Spanish word for popsicle, or ice cream bar.

None of Plaintiffs knew that the products were not made in Mexico.  (Id. ¶¶ 11-13, 16.)
They allege that they would not have purchased the products or would have paid significantly
less for them had they known the Products were not made in Mexico.  (Id.)

Plaintiffs allege that Defendant deceptively labeled and packaged the Products to target
consumers who are interested in paletas from Mexico.  (Id. ¶ 36.)  Plaintiffs bring this case on
behalf of a Nationwide class of citizens who purchased any of the Products within the relevant
statute of limitations periods, as well as a California subclass, a California Consumer subclass,
and a New York subclass.  (Id. ¶¶ 41-44.)

## III. LEGAL STANDARD

### A.  Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a
motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6)
must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short
and plain statement of the claim showing that a pleader is entitled to relief," in order to give the
defendant "fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No.
15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).  When evaluating a Rule 12(b)(6)
motion, a court must accept all material allegations in the complaint — as well as any reasonable
inferences to be drawn from them — as true and construe them in the light most favorable to the
non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology
v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382,
1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the
complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to
relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for
more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads
facts that are 'merely consistent with' a defendant's liability, it stops short of the line between
possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly,
550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient
allegations of underlying facts to give fair notice and to enable the opposing party to defend itself
effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an
entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## B.  Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Despite this liberal standard, leave to amend may be denied if amendment would be futile to rectify the deficiencies in a pleading.  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

## IV.  DISCUSSION

Defendant argues Plaintiffs' FAC should be dismissed for the following reasons:  (1) Plaintiffs' consumer protection claims fail because they do not meet the reasonable consumer test;  (2) Plaintiffs' claims for equitable relief fail because Plaintiffs also seek an adequate remedy at law; (3) Plaintiffs cannot establish reliance; and (4) Plaintiffs fail to state a claim for breach of implied warranty because they do not allege that the representations were promises or affirmations of fact, or that there is vertical privity.  (Motion.)  For the reasons described below, the Court agrees.

## A.  Consumer Protection Claims[3]

Defendant first argues that Plaintiffs' geographic origin allegations fail the reasonable consumer test.  (Mot. at 1.) To state a claim under the UCL, FAL, or CLRA, a plaintiff must allege the defendant's purported misrepresentations are likely to deceive a reasonable consumer.  See Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008) (explaining that unless the advertisement at issue targets a particularly vulnerable group, courts must evaluate claims for false or misleading advertising from the perspective of a reasonable consumer); see also Reid v. Johnson & Johnson, 780 F.3d 952, 958 (9th Cir. 2015) ("It is true that violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer.'").  New York courts have similarly adopted a reasonable consumer test for actions under sections 349 and 350.  See, e.g., Jessani v. Monini N. Am., Inc., 744 F. App'x 18, 19 (2d. Cir. 2018) ("Plaintiffs must plausibly allege 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably under the circumstances, could be misled.'").

---

[3] These include Plaintiffs' Claims 1-3, 5, 6: (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (5) violation of N.Y. Gen. Bus. Law § 349; and (6) violation of N.Y. Gen. Bus. Law § 350.

Plaintiffs must allege "more than a mere possibility that [Defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003)).  Rather, plaintiffs must plausibly allege "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." Id.

Defendant challenges the contention that a reasonable consumer would be misled by the proper nouns "Mexico" or "Michoacán" in the brand name.  (Motion at 11.)  Defendant also raises a more intrinsic critique that Plaintiffs fail to directly address: "why the use of Spanish terms and phrases would mislead a reasonable consumer."  (Id. at 12.)  Plaintiffs rely heavily on Juan de Dios Rodriguez v. Ole Mexican Foods Inc., 2021 WL 1731604 (C.D. Cal. Apr. 22. 2021) to argue that the cases are nearly indistinguishable, and even if they are different, that dismissal is unwarranted because it is not the "rare case" which warrants so under Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)).

Plaintiffs counter that the paleta labels are likely to deceive a reasonable consumer into the belief that the Products are manufactured in Mexico based on the following package details: "Helados Mexico" translates into "Mexican Ice Cream," "Mexico" is featured prominently on the label, Spanish phrases describing the type of ice cream, and a "traditional Mexican ice cream cart."  (Opp. at 1.)  As to the La Michoacana packaging, Plaintiffs argue the following details are likely to deceive a consumer: (1) the Spanish name of the product, (2) a girl wearing a "traditional garment," (3) the use of "authentic Mexican flavors"[4] and (4) "other Spanish words."  (Opp. at 2.)  Although the Court considers all the factors holistically, it also analyzes by type.

### 1.  Product Name

Plaintiffs maintain that the product names are likely to deceive a reasonable consumer into the belief that the products are manufactured in Mexico because they are both in Spanish. They contend that "Helados Mexico" translates into Mexican ice cream, which implies that it is made in Mexico. (Compl. ¶ 2.)  They argue that "La Michoacana" is likely to deceive a

---

[4]  The phrase "Authentic Mexican flavors" in Plaintiffs' Opp. refers to the allegation that "La Michoacana products use traditional, authentic Mexican flavors including "Limon con Chamoy" and "Mamey."  (FAC ¶¶ 3, 30.)  But there are only two sentences about the "traditional Mexican flavors" in the Complaint and they are nearly identical.  The FAC does not allege that La Michoacana advertises the flavors on the packaging as "Authentic Mexican" or "traditional, authentic Mexican," which would certainly weigh in Plaintiffs' favor; those are Plaintiffs' own descriptions.  Even viewed in the light most favorable to Plaintiffs, no Plaintiff actually purchased one of these "authentic Mexican flavors."  Plaintiffs do not explain how these flavors are so "traditionally Mexican" that they would deceive a reasonable consumer about the product's origin.

**CIVIL MINUTES—GENERAL**     Initials of Deputy Clerk MG

reasonable consumer because it translates into "the woman from Michoacan," a state in Mexico "known for" its paletas.  (Opp. at 2, 5.)

"Helados Mexico" does not translate into "Mexican Ice Creams."  "Helados" is plural while Mexico is singular.  Instead, it translates inelegantly to "ice creams Mexico."  Additionally, while "La Michoacana" does translate to "the woman from Michoacán," the Product name does not include "helado" or "helados" or "ice cream" that would imply that the ice creams are created in Michoacán.  Plaintiff does not cite to any authority which holds, or even suggests, that products named in foreign languages are, by default, deceptive to a reasonable consumer. Further, the fact that product names include "Mexico" and a reference to Michoacán is insufficient to allege that reasonable consumers could be deceived.  See Dumas v. Diageo PLC, 2016 WL 1367511, *3 ("The mere fact that the word "Jamaica" and "Jamaican" appear on the packaging is not sufficient to support a conclusion that consumers would be confused regarding the origin…of the beer.").

There must be some other label representation in connection with a country (as is the case in each of Plaintiffs' cited authority) to make the case Plaintiffs strain to do.  For example, in Hesse, the Court relied on two representations to deny a motion to dismiss on a similar consumer protection action: (1) phrases that include the words "Belgian chocolate" and (2) "Belgium 1926."  463 F. Supp. 3d 453, 468 (2020).  The Hesse court determined that "Belgium 1926" represented "both the provenance of the company…and a representation that its chocolates continue to be manufactured there."  Id. at 467; but see Culver v. Unilever, 2021 WL 2943937, *8 (C.D. Cal. Jun. 14, 2020) (court granted motion to dismiss in consumer protection action for false advertising where the product included English and French words, "Paris," and a French translation of "since 1747," as insufficient to deceive a consumer about the product's origin). Plaintiffs attempt to draw an analogy between the "Belgium 1926" type of representation and the "representations" made here: the Spanish brand name and representations of "tradition."  The Court expands below.

## 2.  Product Descriptions on Packaging

Plaintiffs argue that the Products' nongeographic phrases in Spanish would also lead a reasonable consumer to believe that they were made in Mexico.  The phrases appear to be Spanish translations of English product descriptions.  The "La Michoacana" package includes the following Spanish phrases along with English translations in slightly smaller font:

"Fresas con Crema," "Strawberries & Cream"

"Paletas," "Bars"

On the bottom left of the package is "6 ice cream bars," without a Spanish translation.

The "Helados Mexico" package features the following phrases in Spanish only: the product name "Helados Mexico" and the phrase "Con Crema" above "Strawberry/Fresa" in

the top right corner of the package.  In both languages, in the same size font, are the following phrases: premium ice cream/paleta de crema and bars/paletas.  The phrase "All Natural Ingredients" is easily identifiable and outlined by a decorative design in the bottom right of the package, with no Spanish translation.

In Shalikar v. Asahi Beer, U.S.A. Inc, 2017 WL 9362139, *8 (C.D. Cal. Oct. 16, 2017), the court determined that the "Japanese characters and script" were so prominently displayed that not only were the disclosures overshadowed in comparison but also that the characters and script were likely to deceive consumers about the product's origin.  In de Dios Rodriguez, this Court found that Plaintiff plausibly alleged that representations and images were likely to mislead consumers about a product's origin where the phrases and images included "A Taste of Mexico," a Mexican flag dominantly featured on the package, the brand name "La Banderita," a Mexican flag with the word "Authentic," and other Spanish words and phrases.  (Id. at *4.)

The products here, however, are rather scant in Spanish phrases that would mislead a reasonable consumer.  Instead, the vast majority of the "phrases" are translations rather than Spanish idioms or some other type of phrase that may mislead a consumer about the products origin, such as "A Taste of Mexico" or "Authentic Mexican Ice Cream."  The sole exception is the phrase "con crema" on the Helados Mexico product—where there is no English translation—but the phrase "All Natural Ingredients" is only in English.  "All Natural Ingredients" also appears to be the only affirmative representation featured on either product (other than the presence of strawberries in the paletas).  Thus, by Plaintiffs' reasoning, if "Spanish phrases" are sufficient to make a claim that a products' packaging misleads reasonable consumers about its origin, it is far less likely to be the case when (1) the phrases are translations and (2) affirmative representations are only in English.

### 3.   Associated Imagery

Plaintiffs insist that the imagery featured on the products harken to "traditional" images widely associated with Mexican culture.  The most prominent imagery on the packages is that of the ice cream bars and strawberries, which account for about two-thirds of the front side of the package.  (Compl. ¶¶ 8, 12.)  Plaintiffs refer to simple and small cartoon images depicted below or adjacent to the product name: a cartoon woman and a cartoon cart. According to Plaintiffs, the cart is a "traditional Mexican ice cream cart" and the woman wears a "traditional Mexican garment."  (Compl. ¶¶ 24, 30.)  The woman wears a white blouse and a long skirt with a belt over it.  Plaintiffs do not identify either the garment or allege what makes the clothing traditional.  Plaintiffs also fail to explain why a cartoon of an "ice cream cart" is "Mexican," let alone "traditional" enough to evoke Mexico (other than viewing through a particularly Anglo-American lens about what makes a community identifiable via caricatures).

Neither image evokes "Mexico" in such a way that would deceive a reasonable consumer into the belief that the products are manufactured there.  Neither the cartoon woman nor the cartoon cart includes colors that hint at an association with Mexico (such as the Mexican flag colors).  But even if they did, they would remain simple embellishments that do not communicate

to any reasonable consumer that the product is, in fact, made in Mexico.  A cartoon "Mexican ice cream cart" is not the same sort of representation of "tradition" or "authenticity" as one like "Belgium 1926," which implies a longstanding history of production and manufacture in a particular origin.  That does not exist here.  If Plaintiffs were correct, then any symbol that has some widely accepted connection with Mexico could be described as "traditional" and therefore misleading—such as a cartoon sombrero.  This cannot be the case.

When imagery influences a reasonable consumer's understanding of a product's origin or particular quality, the imagery functions as a symbol of authenticity of the product's perceived origin or quality.  For example, in de Dios Rodriguez, the imagery involved a prominently featured Mexican flag in the center of the package or a Mexican flag with the word "Authentic" in the middle.  There, the imagery was explicit—the flag represented that the tortillas were Mexican—which was underscored by the word "Authentic."  (de Dios Rodriguez, at *4.)  In Reed v. General Mills, Inc., 2019 WL 2475706, *1 (W.D. Wash. Jun. 13, 2019), plaintiffs who purchased certain "Cascadian Farms" products filed a consumer protection suit on the basis that the products misled consumers to believe the products came from the "Skagit Valley" farm depicted on the packaging, and the court agreed.  (Id. at *4.)  In Broomfield v. Craft Brew All., Inc., 2017 WL 3838453, *6 (N.D. Cal. Sep. 1, 2017), the court found that the packaging of Kona beer could lead a reasonable consumer to believe that the product was produced in Hawaii because the product's packaging included a map of Hawaii marking the location of the brewery along with an open invitation to visit.  Finally, in Williams, the product name included "fruit juice snacks" and the packaging pictured "oranges, peaches, strawberries, and cherries," which falsely suggested that those fruit juices were present in the fruit juice snacks.  Williams, 522 F.3d at 936, 939.  In each of these cases, there is some direct tie between the packaging imagery and a (false) representation about the product's authenticity as to origin or quality.  That is absent here.  The Products' imagery falls far short of a "symbol of authenticity" that is likely to deceive a reasonable consumer.

In holistic review of the Products' packaging, the Court determines that Plaintiffs' fail to allege that the Products are likely to deceive a reasonable consumer.  This is the rare situation where a motion to dismiss is appropriate based on the allegations.  Williams, 552 F.3d 934, 939.  The Court therefore GRANTS Defendant's Motion as to Plaintiff's UCL, CLRA, FAL, and NY GBL claims.  The Court is skeptical that Plaintiffs will be able to state their claims given the packaging as analyzed above.  Nevertheless it will grant leave to amend.

## B.  Warranty Claims

Under California law, "a warranty that the goods shall be merchantable is implied in a contract for their sale." Cal. Com. Code section 2314(1).  California recognizes an exception to the privity requirement in breach of warranty claims pertaining to food or drug products.  Wendell v. Johnson & Johnson, 2010 WL 271423, at *5 (N.D. Cal. Jan 20, 2010) (citing Gottsdanker v. Cutter Labs., 182 Cal.App.2d 602 (1960)).  The California Supreme Court has explained that "[m]erchantability has several meanings, two of which are relevant to the instant case: the product must '[conform] to the promises or affirmations of fact made on the container

or label,' and must be 'fit for the ordinary purposes for which such goods are used.'" <u>Hauter v. Zogarts</u>, 14 Cal. 3d 104, 117 (Cal. 1975).

Defendant next argues that Plaintiffs' implied warranty claim fails because they do not allege that the representations were promises or affirmations of fact. Plaintiff alleges that the products' representations imply they are made in Mexico when they are not, which breaches the implied warranty of merchantability.

As the Court stated above, the product's packaging does not include representations that would mislead a reasonable consumer that the products were made in Mexico. As a result, there are no representations of promises or affirmations of fact that the products were made in Mexico. Thus, Plaintiffs have failed to allege a claim for implied breach of merchantability.

The Court GRANTS Defendant's Motion as to Plaintiffs' breach of implied warranty claim WITH LEAVE TO AMEND.

## V. CONCLUSION

For the reasons above, the Court GRANTS Defendant's Motion and DISMISSES Plaintiffs' FAC WITH LEAVE TO AMEND. If Plaintiffs chose to file an amended complaint, they must do so by December 27, 2021.

**IT IS SO ORDERED.**